**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| LAUREN VANWORMER and MALLORY SANTIC, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN OUTFITTERS, INC., a Washington corporation,<br><br>Defendant. | NO. 2:25-cv-02386<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**28 U.S.C. §§ 1332, 1441, 1446** |

TO: THE CLERK OF THE COURT

AND TO: LAUREN VANWORMER AND MALLORY SANTIC, Plaintiffs;

AND TO: Cory L. Zajdel *(pro hac vice forthcoming)*
David M. Trojanowski, WSBA #56258
Z LAW, LLC
clz@zlawmaryland.com
dmt@zlawmaryland.com
Attorneys for Plaintiffs

**PLEASE TAKE NOTICE** that Defendant Urban Outfitters, Inc., through undersigned counsel, hereby effect the removal of this action from the Superior Court of the State of Washington for King County ("King County Superior Court") to the United States District Court for the Western District of Washington. Removal is proper under the Class Action



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this action is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue in this Court is proper because Plaintiffs Lauren VanWormer and Mallory Santic filed their complaint in King County Superior Court. *See* 28 U.S.C. § 128(b) (providing that King County is part of the Western District of Washington); 28 U.S.C. § 1391.

## PROCEDURAL HISTORY AND BACKGROUND

1. Plaintiffs filed a class action complaint ("Complaint") in King County Superior Court on October 23, 2025. (Sub. 1). Defendant was served on November 6, 2025. In accordance with LCR 101(b), a true and correct copy of the Class Action Complaint is attached as **Exhibit A**. A true and correct copy of all other process, pleadings and orders filed in the state court action are attached as **Exhibit B**. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. A true and correct copy of the Class Action Complaint that includes a Jury Demand is attached hereto as **Exhibit C** in order to satisfy the CM/ECF requirement that it be e-filed as a separate attachment and/or exhibit to this Notice of Removal. Defendant has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court of the State of Washington for King County and notice of removal will be provided to counsel of record for Plaintiffs.

2. Plaintiffs broadly allege that Defendant (1) "sends emails with subject lines that falsely represent unqualified discounts on purchases without disclosing material exclusions," ("Percentage Discount Emails") and (2) "sends emails that misstate the duration of given promotions" ("Limited Sale Emails"). (Ex. A ¶¶ 3, 7.)



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

3. Plaintiffs assert two causes of action: violations of Washington's Commercial Electronic Mail Act, Wash. Rev. Code §§ 19.190 *et seq.* ("CEMA") (Count 1) and violations of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86 *et seq.* ("CPA") (Count 2). (Ex. A ¶¶ 103-122.) The statutory period for Plaintiffs' CPA claims is up to four years. Wash. Rev. Code § 19.86.120.

4. Plaintiffs seek injunctive relief, the greater of actual or statutory damages of $500 per email, treble damages, attorneys' fees and costs on behalf of themselves and a proposed class of persons who are residents of Washington and "received an email from or at the behest of Defendant" constituting a Percentage Discount Email or a Limited Sale Email, within four years before the date of the complaint's filing. (Ex. A ¶¶ 95, 110-111, 120-121.)

## I. <u>THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005</u>

5. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

7. A removing party need only provide a "short and plain statement of the grounds for removal"; no evidence is required to be submitted with the removal petition. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 83-84 (2014) (citation omitted); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

### A. <u>The Proposed Class Consists of 100 Members or More</u>

8. CAFA applies when a proposed class consists of 100 members or more. 28



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

U.S.C. § 1332(d)(5)(B).

9. Here, Plaintiffs bring their claim on behalf of themselves and all persons who are "Washington residents who, within four years before the date of the filing of this complaint until the date any order certifying a class is entered, received an email from or at the behest of Defendant that contained a subject line stating or implying that 1) a percentage discount off would apply to the recipient's 'purchase' or 'order' 'off sitewide' with no conditions or exclusions; or 2) a sale, discount, price, or other offer would end soon or on a definitive date, and the sale, discount, price, or other offer continued to be offered for at least an additional day." (Ex. A ¶ 95.)

10. Plaintiffs allege that proposed Class contains "*more than* 1,000 members." (*Id.* ¶ 96 (emphasis added).) Thus, on its face, the Complaint meets the class size requirement. *See Wetzel v. CertainTeed Corp.*, No. 2:16-cv-01160, 2016 WL 11617595, at *2-3 (W.D. Wash. Nov. 4, 2016) (finding proposed class of "hundreds, if not thousands" of members "easily exceed[ed]" the 100-member threshold); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1042 (N.D. Cal. 2019) (finding proposed class exceeded 100 members where the complaint alleged the class comprised "thousands of individuals").

11. Plaintiffs' proposed class size estimates are further supported by Defendant's records. While Defendant disputes Plaintiffs' contention that Defendant (1) "sends emails with subject lines that falsely represent unqualified discounts on purchases without disclosing material exclusions," and (2) "sends emails that misstate the duration of given promotions," (Ex. A ¶¶ 3, 7), based on an initial review, Defendant's business records indicate that at least 10,000 promotional emails were sent to individuals with Washington addresses during the putative class period.

**B. <u>There Is Minimal Diversity Between Plaintiffs and Defendant</u>**

12. CAFA requires minimal diversity of citizenship among the parties. Specifically,



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"any member of [the] class of plaintiffs" must be "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

13. Here, the Complaint alleges that Plaintiffs are domiciled in King County, Washington and Clark County, Washington, and the remaining proposed class members are citizens of Washington. (Ex. A ¶¶ 13, 14, 95.)

14. As Plaintiffs acknowledge, Defendant Urban Outfitters, Inc. is "a corporation formed under the laws of the State of Pennsylvania" (Ex. A ¶ 15) and has its principal place of business in Philadelphia, Pennsylvania. Thus, Urban Outfitters, Inc. is a citizen and resident of the State of Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). No other defendants are named in this action.

15. Accordingly, diversity exists between (i) Plaintiffs and the class they seek to represent, on the one hand and (ii) Defendant, on the other hand, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million**

16. CAFA requires that the aggregate amount in controversy "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (6). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount *at stake* in the underlying litigation,'" which "does not mean likely or probable liability; rather, it refers to *possible liability*." *Id.* (second emphasis added) (citation omitted); *Assaf v. Progressive Direct Ins. Co.*, No. C19-6209, 2020 WL 6741424, at *2 (W.D. Wash. Nov. 17, 2020) (same, quoting *Greene*). "The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

defendant will *actually* owe." *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116, 2022 WL 3357865, at *4 (W.D. Wash. Aug. 2, 2022) (citation omitted).

17. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84. That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

18. Here, Plaintiffs allege in the Complaint that "Named Plaintiffs have received hundreds of marketing emails from Defendant within the last four years, and typically received more than five emails every weeks" and seek several forms of monetary damages, including "$500 in statutory damages[] for each and every email that violates the CEMA." (Ex. A ¶¶ 86, 120); *see also* Wash. Rev. Code § 19.190.040(1) ("Damages to the recipient of a commercial electronic mail message . . . sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater."). Plaintiffs also seek treble damages and attorneys' fees. (Ex. A ¶ 120.) The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction); *see also Copple*, 2022 WL 3357865, at *4-5 (noting attorneys' fees are properly considered and the "Court has, on several occasions, found it appropriate to consider treble damages in calculating the amount in controversy for a CPA claim").

19. While Defendant disputes Plaintiffs' allegations, Defendant's business records indicate at least 10,000 promotional emails were sent to Washington residents in the four-year statutory period. With $500 in alleged minimum damages per email and more than 10,000



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

emails sent to members of the proposed class, the amount in controversy exceeds $5,000,000, even before accounting for Plaintiffs' requested attorneys' fees. Accordingly, without conceding any merit to the Complaint's allegations or causes of action, the alleged aggregated damages, fees, and costs Plaintiffs seek surpass CAFA's $5,000,000 amount-in-controversy requirement.

## II. <u>ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED</u>

20. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Defendant is entitled to remove the present action to the Court.

21. King County Superior Court lies within the Western District of Washington. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

22. Given that the summons and complaint in this action were served on November 6, 2025, this Notice is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *Bavand v. OneWest Bank FSB*, No. C12-0254, 2012 WL 1884668, at *5-6 (W.D. Wash. May 22, 2012).

23. In accordance with 28 U.S.C. §1446(d), Defendant will promptly serve this Notice on Plaintiffs' counsel and file a copy of the Notice with the Clerk of the King County Superior Court.

24. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense. Defendant reserves the right to assert all applicable claims and defenses in response to the Complaint.



**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CONCLUSION**

For the foregoing reasons, Defendant respectfully removes this action from the Superior Court of the State of Washington, King County, bearing Cause No. 25-2-31565-7 SEA, to the United States District Court for the Western District of Washington.

DATED this 25th day of November, 2025.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Colin M. George, WSBA No. 45131
1015 Second Avenue | Floor 10
Seattle, WA 98104
Tel.: (206) 625-8600 | Fax: (206) 625-0900
bmarksdias@corrcronin.com
cgeorge@corrcronin.com

***Attorneys for Defendant Urban Outfitters, Inc.***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Hillary A. Hamilton (*pro hac vice forthcoming*)
2000 Avenue of the Stars | Suite 200N
Los Angeles, California 90067
Tel.: (213) 687-5000 | Fax: (213) 687-5600
hillary.hamilton@skadden.com

Michael W. McTigue, Jr. (*pro hac vice forthcoming*)
Meredith C. Slawe (*pro hac vice forthcoming*)
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000 | Fax: (212) 735-2000
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant Urban Outfitters, Inc.*



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned certifies as follows:

I am employed at CORR CRONIN, LLP, on November 25, 2025, I caused the foregoing **Notice of Removal to Federal Court** to be served on the following parties in the manner indicated below:

| | |
|---|---|
| Cory L. Zajdel, *(pro hac vice forthcoming)*<br>David M. Trojanowski, WSBA No. 56258<br>Z LAW, LLC<br>2345 York Road \| Suite B-13<br>Timonium, Maryland 21093<br>Tel.: (443) 213-1977<br>clz@zlawmaryland.com<br>dmt@zlawmaryland.com<br><br>***Attorneys for Plaintiffs Lauren Vanwormer and Mallory Santic*** | ☒ CM/ECF<br>☒ Email |

DATED this 25th day of November, 2025.

CORR CRONIN, LLP

*s/ Lisa Britton*
Lisa Britton, Legal Assistant
lbritton@corrcronin.com



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900